OPINION of the Court, by
Judge Logan.
‘This is an appeal from a judgment of the Fleming county court refusing to admit to record an instrument of writing purporting to he the last will and testament of William Harper, deceased.
The only point involved in this case, is, as to the capacity of the testator to make his will.
The court below seems to have adjudicated upon the supposition that it was indispensable that the witnesses should respond affirmatively to the very words in the form of the oath administered by the clerk, viz. That they believed the testator was of “perfect sense and memory” This the witnesses refused to swear ; though they deposed that although they did not think his mind as perfectly sound as they had seen it, that notwithstanding he talked rationally and sensibly, and that they believed he was capable of disposing of his property by bargain, and could not have been cheated.
A single inquiry might have obviated this difficulty of the court. Suppose the Will to have been without a subscribing witness: it is all in the hand writing ofthetes-tator himself ,* had been written before he called upon fhe witnesses to attest it; and carries most evidently upon its face evidence of a mind capable of considerable thought — of arrangement, and disposition of property. The principle cannot be recognized ; it would be monstrous to do so; that those whose minds and memories were not as good and perfectly sound as they had ever *245 been, could not pass their estate by will. This test of capacity would exclude, it is believed, most of those who had passed the meridian of life; whose faculty of memory and vigor of mind had began, with the decline of personal strength and activity, to lose some of their moré vivid energies.
It is matter of regret, that such a multitude of witnesses should have been summoned up here merely for the purpose of proving the occasional or habitual fits of intemperance; his want of domestic management, and his general bad conduct in the latter years of his life : for it certainly has no direct or satisfactory bearing on the question, unless it shew that his mind and reasoning powers had become absorbed and lost in a series of habitual course of intoxication. But from the whole weight of testimony, themind cannot for a moment hesitate as to the capacity of the man to dispose of his property. He had not for a considerable time before been in one of those fits of intemperance — not even for months preceding: and he seems to have been very capable of drawing instruments of writing, and doing common and ordinary business, if he chose to do so. But could we doubt the intellectual powers of the testator to dispose of his estate, his repeated declarations of the manner he intended to dispose of it, for the reasons assigned by him, ought to have great weight towards obviating the doubt, as those statements were made to particular Mends at different times, and sometimes when the disposition of his estate was the particular subject of his interview. And although he seems to have become reconciled measurably, shortly before his death, to his son-in-law, who had in a great degree incurred his displeasure; still as he had made and duly executed his will in writing, nothing but another writing could have the effect of cancelling or avoiding the former.
Upon the whole case, there is not a doubt of the testator’s legal capacity to make his will — his will itself, from its system and manner of execution, drawn by himself, is unquestionable proof of his capacity; and the subsequent conversations relative to an intention to change it, are but farther evidence of that previous disposing power.
Wherefore it is considered by the court, that the order of the county court rejecting the probate of the said last will and testament of William Harper> deceased, be re *246 versed ; that the said will arid testament be here re, cor(]e(] as fuUj- proyed, and the original transmitted ta the county court of Fleming, to be there admitted tore-cord as fully proved in this court, and thereon to proceed as the law directs in like cases.