*417 Opinion of the Court.
THIS is an indictment for permitting unlawful gaming in the house of the appellant, and a verdict and judgment of conviction, on the issue of not guilty.
A bill of exceptions taken on over ruling a motion for a new trial, ought to show that the grounds assumed were true; merely reciting the positions as assumed, without stating that they were proved or admitted, will be unavailing in the court of appeals
An indictment on the act against permitting unlawful gaming in a man's house held sufficient
It is assigned for error, that the indictment is defective. It charges that the appellant did, on the 2d day of October, 1819, at the circuit aforesaid, suffer and permit unlawful gaming in his house; which house was in the occupation and possession of said William Inglish; by suffering and permitting, with his knowledge and consent, divers persons to play at a game of cards, commonly called, loo the board, at which a hat was bet each game, and in each game a hat was won by one of the persons playing at said game, and lost by the others playing, until three hats were won and lost, as aforesaid; and which game was unlawful.
We conceive, this indictment describes an offence within the statute, as minutely as the statute itself requires; and, that according to the principles settled by this court, in the case of the Commonwealth vs. Lampton, 4 Bibb 244, it ought to be sustained. The game described, is one at which property was actually won and lost.
The plaintiff in error moved for a new trial, setting forth in writing the following grounds: “ First, because when the jury brought the verdict into court, the jury was called over by the clerk, and asked if they agreed to the verdict, and the answer was in the affirmative; the court instantly spoke and said, “ gentlemen, you are discharged,” and part of the jury immediately passed out of the bar, and before the court heard the counsel for the defendant claim the right to poll the jury; the attorney for the defendant instantly claimed the right of polling the jury, and the attorney for the commonwealth moved the court to put the verdict into form, as he said, and attached to the verdict the words, “ and assess damages to the commonwealth of $100.” When the verdict was read as amended, several of the jurors objected to it as read. One of the jurors said, he would not find so much. The court asked, if they agreed to the verdict as rendered; some said, yes. The court then said, let the verdict as brought in, stand. The defendant’s counsel then again claimed the right of polling the jury; and thereupon, the first juror called did not answer, but was gone; and so the jury was not polled. Second, because the verdict is against law and evidence.” Then follows an exception, in these words: “ The court overruled the defendant’s motion for a new trial, to which the defendant excepts, and prays his exceptions to be *419 signed and sealed by the court, and made a part of the record.” To this is annexed, the seal of the judge who presided.
It is not assigned for error, that the court erred in refusing the new trial. It is deemed wholly unnecessary for this court to decide, whether or not the facts alleged as grounds for a new trial, are sufficient; for it is not stated, nor can it be inferred from this exception, that the facts are true. The bill of exceptions assures us of but two things, to wit: That the defendant below moved for a new trial, alleging these facts in support of it, and the court overruled the motion. But whether the motion was overruled because the facts did not appear to be correct, or because, although correct, the court did not deem them sufficient in law to warrant the new trial, we are not told; and if the facts alleged were deemed sufficient by this court, to demand a new trial, still, we should be bound to indulge the presumption in favor of the judgment of that court, that the facts were not as they are alleged to be. Such an exception is deemed wholly insufficient to authorize this court to disturb the judgment.
The verdict itself, as rendered by the jury, barely found the defendant guilty of the charge, without saying any thing of the fine. This verdict is deemed sufficient; for although a jury is allowed by a law of this state, to assess fines and amercements, yet this can apply only to cases where the quantum is uncertain and discretionary. In the present case, on the finding of guilt, the law itself attached an unalterable fine, for which the court was bound to render judgment; and if the jury had annexed it to their verdict, it would have been surplusage.
It is contended, that the penalty could not be recovered by indictment. This question has been decided heretofore by this court, in the case above cited.
It is, also, assigned for error, that no prosecutor is placed at the foot of the indictment. It must have escaped the attention of the counsel who assigned this as error, that the law which requires a prosecutor to indictments of this character, has been repealed.
Judgment affirmed.